1819.

LUCE
v.
GRAHAM.

---

'LUCE *against* E. and C. M. GRAHAM.

'Though a rule to *amend* a bill, is of course, yet it must be actually en-
　　tered with the *Register* ; for the clerks cannot allow the records to
　　be amended without a certified order for that purpose.
'The *amendments* should be marked and distinguished, that they may
　　be easily seen by the defendant, and without being blended with,
　　or repeating the original bill.

*Nov. 26th.*

ON the 23d of *August*, 1819, the plaintiff, on an *ex parte*
application, without notice, obtained an order, " that the
defendants answer the amended bill, with the exceptions, in
this cause, in four weeks after the service of a copy of this

+ taxed

order, or show cause why an attachment should not issue against them."

*Riggs*, for the defendants, now showed cause:

1. That an order to amend the bill was never entered with the assistant register, and the clerk of the court considered the amendments (which were engrafted into a re-engrossed copy of the bill) as irregularly placed in his office, without an order:

2. The amended bill prays process against the defendants, which is not the usual course, and is improper, as it treats the defendants as being out of court, so that their former answers cannot be used in their defence. (1 *Vesey jun.* 250. 4 *Ves.* 66.) It is not necessary to serve a new subpoena upon an amended bill.

3. The manner of making the amendments was improper, and renders the records of the court confused and inconsistent. It is extremely difficult to point out distinctly what is original, and what is new matter, and how much of the original bill is retained, and how much left out. There ought to have been such an arrangement and designation of the original matter, and of the amendments, as to enable the opposite party clearly and readily to discern them. (2 *Atk.* 109. 11 *Ves.* 578.)

It appeared that the original bill was filed *July* 17, 1818, and the amended bill *July* 22d, 1819. The latter appeared, in every respect, to be a new and original bill, and no part of the matter therein, is stated to be by way of amendment.

The defendants answered the exceptions taken to their original answer, but did not take any notice of the amended bill, for the reasons above mentioned.

*H.* and *R. Sedgwick*, contra. They cited 2 *Johns. Ch. Rep.* 226.

The plaintiff, also, at the same time with the discussion on the above rule to show cause, moved, on notice and

affidavit, for an attachment against the defendants, for not answering the exceptions, and for a sequestration of the personal estate, and of the rents and profits of the real estate of the defendant *Edward Graham*, who resides in *North Carolina.*

THE CHANCELLLOR. The defendants have shown sufficient cause against the attachment.

1. Though the rule to amend the bill might have been entered, as of course; yet *a rule* must be entered for the purpose. The clerks are not to permit the pleadings on file to be amended, without the production of an order certified by the Register, or assistant Register. The reason of the practice speaks for itself. There would be no security or certainty in the records of the court, and the clerk would not be able to interpose any control or check to irregular and improper interference with the pleadings, if the solicitor could come and alter them, at his pleasure. The *English* practice requires an order for the amendment, in cases like this, regularly drawn and entered. This appears from the case of *Partridge* v. *Haycraft*, (11 *Ves.* 577.)

2. The good sense of the thing obviously requires, that the amendments should be distinctly shown, so that they may be easily perceived. They are either to be made by interlineations, or by insertions in the margin, if short, or by being separately engrossed and annexed to the original bill. If the amendments be of such a nature as to require the original bill to be re-engrossed, they must then be designated in some way sufficient to point them out to the defendant. In *Willis* v. *Evans*, (2 *Ball. & Beatty*, 225.) Lord Chancellor *Manners* observed, that " the rule with respect to amended bills was, that if there be not much new matter to be introduced, it is done by interpolation; if much, it must be done on another engrossment, to be annexed to the bill, in order to preserve the record from being defaced." He said, that if the party filed an amended bill, he might refer to the

allegations in the original bill, without repeating them. He held himself bound to look, with great jealousy, that the suitors of the court be not put to any unnecessary expence, and that nothing could more increase it than by permitting the record to be loaded with unnecessary matter. He said, that when at the bar, he had repeatedly applied to amend, and never had an idea of introducing in the amended bill, the charges of the original bill.

By annexing the engrossed amendments to the original bill, and by referring in that part of the bill where the amendments should have been inserted, to the annexed amendments, and by referring, at each amendment, to the proper place for its insertion in the original bill, the record will be kept from being defaced, and all the requisite certainty and convenience will be obtained.

It is, accordingly, ordered, that the rule calling upon the defendants to show cause why an attachment should not issue, for not answering the amended bill, be discharged with costs, and, also, that the motion for an attachment and sequestration be denied with costs.

Order accordingly.